UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-230-GWU

VICKIE HUBBARD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Vickie Hubbard brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-230 Vickie Hubbard

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to


support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not

form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

08-230 Vickie Hubbard

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hubbard, a 38-year-old former textile stuffer with a sixth grade education, suffered from impairments related to a history of low back pain and non-insulin dependent diabetes. (Tr. 11, 15, 478).

08-230 Vickie Hubbard

Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 13). Since the claimant was found capable of returning to her past relevant work, she could not be considered totally disabled. (Tr. 15).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Hubbard could return to her past relevant work, the ALJ relied heavily upon the information provided by Vocational Expert Katherine Bradford. The hypothetical question presented to Bradford included an exertional limitation to medium level work, restricted from a full range by such non-exertional limitations as (1) an inability to more than frequently push or pull with the right lower extremity, climb stairs, stoop, kneel, crouch, or crawl; (2) an inability to more than occasionally climb ladders, ropes or scaffolds; and (3) a need to avoid exposure to vibrations. (Tr. 497-498). In response, the witness testified that Hubbard's past work as textile stuffer could still be performed. (Tr. 498). Therefore, assuming that the vocational factors considered by Bradford fairly depicted the plaintiff's condition, a finding of disabled status, within the meaning of the Social Security Act, is precluded.

08-230 Vickie Hubbard

The hypothetical question fairly characterized Hubbard's physical condition. Dr. Stephen Nutter examined the plaintiff and reported a diagnostic impression of diabetes mellitus, chronic lumbar strain, and degenerative arthritis. (Tr. 188). The doctor indicated that the claimant would be "mildly to moderately" impaired in such areas as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as in pulling heavy objects. (Id.). The hypothetical question was essentially consistent with these somewhat vague restrictions. Dr. James Ross (Tr. 124-132) and Dr. Allen Dawson (Tr. 189-197), the non-examining medical reviewers, each opined that Hubbard would be restricted to medium level work, reduced from a full range by a limited ability to push or pull with the lower extremities, an inability to more than occasionally climb ladders, ropes or scaffolds and a need to avoid concentrated exposure to vibrations. The physical factors of the hypothetical question were also compatible with these opinions. These opinions provide substantial evidence to support the administrative decision.

Hubbard argues that the ALJ disregarded findings contained in the reports of Dr. Kishore Jadhav,[1] her treating physician (Tr. 149-178), as well as in the records from Manchester Memorial Hospital (Tr. 231-471). However, neither source

---

[1] The parties disagree about this physician's name, with the plaintiff's representative calling him Kishore Jadhav and the defendant asserting that the name is Jadhav Kishore. A review of the doctor's treatment notes indicate that signature lines repeatedly refer to him as Kishore Jadhav. (Tr. 172-175).

8

identified the existence of more severe physical limitations than those found by the ALJ. Therefore, these opinions do not support the plaintiff's claim.

Hubbard argues that the ALJ erred in evaluating her mental condition. The ALJ concluded that the plaintiff did not suffer from a "severe" mental impairment and included no mental status limitations in the hypothetical question. (Tr. 13). The claimant notes that Psychologist Jeanne Bennett diagnosed an anxiety disorder as well as possible borderline intelligence.[2] (Tr. 182-183). While the examiner indicated that these conditions would affect Hubbard's ability to tolerate stress and work pressures as well as sustain attention and concentration, the effect was rated as only "slight." (Tr. 183). Psychologists Jane Brake (Tr. 133-148) and Ed Ross (Tr. 198-212), the non-examining medical reviewers, each opined that the plaintiff did not suffer from a "severe" mental impairment. More severe mental problems were not identified in the record. Under these circumstances, the court finds no error.

Another error alleged by Hubbard is that the ALJ did not consider her impairments in combination. The court has already determined that the factors contained in the hypothetical question fairly characterized the plaintiff's condition. Therefore, the ALJ implicitly considered her impairments in combination.

---

[2]The plaintiff suggests that this finding might mean, in the absence of definitive intelligence testing, she was mentally retarded. However, this was certainly not the examiner's opinion nor was it suggested by the reviewers.

08-230  Vickie Hubbard

Hubbard argues that the ALJ did not properly evaluate her subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Hubbard was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  While Dr. Nutter noted lumbar spine range of motion abnormalities, the doctor also reported no sensory abnormalities and normal reflex and muscle strength testing results. (Tr. 188).  The doctor indicated that his findings did not indicate nerve root compression.  (Id.).  The plaintiff cites Dr. Jadhav and the Memorial Hospital treatment notes as providing support for her claim.  However, she cites no specific abnormal findings from either of these sources.  Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.

08-230  Vickie Hubbard

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 27th day of May, 2009.

Signed By:

G. Wix Unthank

United States Senior Judge